[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANT'S MOTIONS FOR MODIFICATION(#139/#140. #169).
The motions are granted. The defendant has sustained his burden of proof in showing a substantial change of circumstances since the original alimony order was entered. The court finds that at the present time the defendant is disabled and unable to work.
Retroactive to June 1, 1995 the defendant shall pay the plaintiff as periodic alimony — the sum of $1 per year. This obligation shall continue until the death of either party or the plaintiffs remarriage, whichever event first occurs. CT Page 1712
The defendant shall continue to designate the plaintiff the beneficiary of $400,000 of life insurance on his life for as long as the defendant is obligated to pay alimony. The defendant shall authorize the plaintiff to be annually informed of this insurance coverage by the insurance company.
Except as hereinafter provided, the defendant shall no longer be responsible for one-half of the plaintiffs unreimbursed medical expenses.
PLAINTIFF'S MOTION FOR CONTEMPT — JUNE 7. 1995 (#141)
 PLAINTIFF'S AMENDED MOTION FOR CONTEMPT- JANUARY 2, 1996 (#171)
Plaintiff's motions are denied. Defendant's failure to pay the full alimony order was not wilful. Also, the court has found that the defendant's obligation to pay the full alimony order ceased on June 1, 1995.
PLAINTIFF'S MOTION FOR CONTEMPT — FEBRUARY 26, 1996 (# )
The motion is denied. The court finds the defendant's failure to pay for one-half of the plaintiffs unreimbursed medical bills was not wilful.
However, the court finds that the defendant does owe the plaintiff the sum of $5,000 for unreimbursed medical expenses for the calendar years 1992 through 1995.
The defendant contributed to the support of the plaintiff the sum of $2,500 per month for the four month period of June through September, 1995. These payments shall discharge the defendant's obligation for the unreimbursed medical expense contributions the defendant owed for prior years.
DEFENDANT'S MOTION TO COMPEL — OCTOBER 11, 1995 (#156)
The court has considered this motion as a request for a hearing on the division of personal property.
The plaintiff is awarded all the personal property listed on Exhibit #18 (master list) except the following items which are awarded to the defendant: CT Page 1713
1. Tea service (#4) 8. Gold clock (#91)
2. Black china (#11) 9. Antique guns (#116)
3. Chest of drawers (#19) 10. Sea chest (#83)
4. Black chair (#63) 11. Armoire (#8)
5. Side lamp (#64) 12. Defendant's Mother clock
6. Bible (#73) 13. 2 Military boxes and stands
7. Captain's chair (#75) 14. 21" Color TV
DEFENDANT'S MOTION FOR ATTORNEY'S FEES — FEBRUARY 27, 1996 (# )
The motion is denied.
So ordered
______________ NOVACK, J.